Filed 12/22/25  P. v. Reed CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SELLAS FANZEL REED,<br><br>Defendant and Appellant. | B336029<br><br>(Los Angeles County<br> Super. Ct. No. TA149670) |

APPEAL from an order of the Superior Court of Los Angeles County.  Danette J. Gomez, Judge.  Conditionally affirmed and remanded with directions.

Jennifer L. Peabody and Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Sellas Fanzel Reed appeals from the trial court's order denying, at the prima facie stage, his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1]  In 2019, defendant pled no contest to attempted murder and admitted he intentionally discharged a firearm in the commission of the offense within the meaning of section 12022.53, subdivision (c).  In 2022, defendant submitted a preprinted form petition under section 1172.6 contending he was entitled to sentencing relief.  The trial court found defendant was ineligible as a matter of law.  Based on our independent review of the record, we conclude defendant's form petition, consisting only of legal conclusions, failed to contradict a record of conviction demonstrating he was convicted as the sole shooter and would-be killer and not on any theory of imputed malice.

While this appeal was pending, the Supreme Court issued its decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), clarifying a defendant's prima facie burden when seeking relief under section 1172.6.  We therefore conditionally affirm the order denying defendant's petition with directions to the superior court to consider anew an amended petition, should defendant choose to file one.

### FACTUAL AND PROCEDURAL SUMMARY

The People filed a felony complaint charging defendant, codefendant Jesse Holman, and codefendant Joey Thompson with multiple felonies arising from a car-to-car shooting that occurred in June 2019.  Codefendants are not parties to this appeal.  The People charged the three men with four counts of attempted murder (§ 187, subd. (a), § 664, subd. (a); counts 1–4) for the four victims who had

---

[1]     All undesignated statutory references are to the Penal Code.

been in the other car during the incident.  The People alleged the attempted murders as to two of the victims were willful, deliberate and premeditated.  (Counts 1 & 4.)  Defendants were also charged with shooting at an occupied vehicle (§ 246; count 5), coupled with a gang allegation (§ 186.22, subd. (b)(4)).

As to counts 1 through 5, the People alleged defendant personally and intentionally used and discharged a firearm in the commission of the offenses within the meaning of section 12022.53, subdivisions (b) through (e).  No firearm use allegations were alleged as to codefendants Holman and Thompson.  Individual counts were alleged as to each defendant for being a felon in possession of a firearm.  (§ 29800, subd. (a)(1); counts 6–8.)  A gang allegation was also alleged as to those three counts.  (§ 186.22, subd. (b)(1)(A).)

On October 21, 2019, the date set for the preliminary hearing, all three defendants agreed to a negotiated disposition by plea. The court granted the prosecutor's request to amend count 1 to second degree attempted murder, and the willful, deliberate and premeditated allegation was dismissed.  Defendant pled no contest to count 1 and admitted he personally and intentionally discharged a firearm in the commission of the offense within the meaning of section 12022.53, subdivision (c).  Holman and Thompson pled to lesser charges.  The court accepted the waivers of all defendants on the record and found them to have been voluntarily, knowingly and intelligently given.  All counsel stipulated to a factual basis for the plea based on "the police reports, the probation report, and any other discovery[.]"

Sentencing was conducted the same day.  The court sentenced defendant, in accordance with the agreed-upon disposition, to an upper term of nine years for the attempted murder, plus a 20-year term for the firearm enhancement.  The court awarded defendant

3

59 days of presentence custody credits. Holman and Thompson received sentences of 14 years and six years, respectively. All remaining counts and special allegations were dismissed.

At the time defendant entered his plea, Senate Bill No. 1437 (2017–2018 Reg. Sess.) had already gone into effect. The bill amended and narrowed the law regarding murder liability, and also enacted section 1172.6, which provided a procedural mechanism for individuals convicted of murder to petition for retroactive sentencing relief.

After defendant's 2019 plea, the Legislature passed Senate Bill No. 775 (2021–2022 Reg. Sess.) which expanded the scope of who could petition for resentencing under section 1172.6 to include individuals convicted of attempted murder under a natural and probable consequences theory.

On August 29, 2022, defendant filed, in propria persona, a form petition for resentencing under section 1172.6. By marking the boxes on the preprinted form, defendant stated under oath that he had been charged with attempted murder under the natural and probable consequences doctrine, he accepted a plea in lieu of trial, and he could not presently be convicted of attempted murder under the amended murder statutes. Defendant also checked the box requesting appointment of counsel. Defendant submitted an unsworn typewritten attachment to his petition that cited to various legal and constitutional principles in general terms but did not state any additional facts.

The trial court deemed defendant's petition facially sufficient and appointed defendant counsel. The People filed a response arguing defendant was ineligible for relief as a matter of law. Copies of the transcript from the plea hearing and defendant's preconviction probation report were attached as exhibits. The factual summary in the probation report said defendant and

4

codefendant Thompson confronted two male victims at a gas station and asked about their gang affiliation. The two victims denied gang affiliation and a verbal argument ensued. The two male victims returned to their car where two female friends were seated. When the victims attempted to flee, defendant, Thompson and Holman sped after them in a car driven by Holman. During the chase, defendant, seated in the passenger seat, fired 10 gunshots at the victims' car. The victims were able to drive to a police station where officers located 10 bullet holes in the rear of the victims' car.

Defendant's appointed counsel filed a reply brief arguing the law regarding the prima facie showing under section 1172.6. No additional facts were provided in defendant's supplemental brief. Defendant subsequently filed another preprinted form petition in October 2023 that also did not provide any additional facts.

The prima facie hearing was held on October 30, 2023. At the start of the hearing, the court acknowledged defendant had filed two petitions and stated it was ruling as to both. The court denied defendant's petition, finding he was ineligible as a matter of law because he was convicted as the actual shooter in the attempted murder. The court also found that at the time he entered his plea, the law had already changed and the People could not have pursued a natural and probable consequences theory to convict defendant.

When the court asked if counsel had anything to add, defense counsel challenged the argument about the timing of the plea. Counsel argued that after the passage of Senate Bill No. 1437, the People continued to argue the natural and probable consequences doctrine applied to attempted murder until subsequent case law and legislation, including Senate Bill No. 775, held otherwise. The court said it understood that argument, but that it found defendant was still "ineligible as a matter of law because he was the actual shooter" and he was not prosecuted on an imputed malice theory.

The court then asked again if there was anything further to add and defense counsel said no.

This appeal followed.

## DISCUSSION

"[R]esentencing under section 1172.6 involves three stages. It begins with a facially valid petition that entitles petitioner to counsel, continues with asking whether petitioner has made a prima facie case for relief, and, if so, proceeds to an evidentiary hearing on the ultimate question of whether petitioner should be resentenced." (*Patton, supra*, 17 Cal.5th at p. 562.)

Defendant contends the record of conviction does not support the denial of his petition at stage two. Defendant says he pled no contest to attempted murder after waiving his right to a preliminary hearing and nothing in the limited record of conviction supports the trial court's finding he was the actual perpetrator of the attempted murder or that he was otherwise ineligible for relief as a matter of law. He argues the trial court's additional finding he was barred from relief because his plea was entered after the passage of Senate Bill No. 1437 also constituted error. Alternatively, defendant requests that we remand for further proceedings to allow him the opportunity to present an amended petition in accordance with *Patton*.

The People concede the trial court's finding on the timing of defendant's petition constituted error. We agree. We therefore only address the trial court's additional finding that defendant was ineligible for relief because he was convicted as the sole shooter and not under a theory of imputed malice. "We review de novo a trial court's prima facie determination that a petitioner is ineligible for section 1172.6 relief as a matter of law." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.)

6

In *Patton*, *supra*, 17 Cal.5th 549, the Supreme Court clarified the trial court's role at the prima facie stage. *Patton* emphasized the prima facie inquiry is not merely duplicative of the facial inquiry. (*Id*. at p. 562.) Rather, the trial court, accepting the petitioner's factual allegations as true " ' " 'makes a preliminary assessment regarding whether the petitioner would be entitled to relief if [those] factual allegations were proved.' " ' " (*Id*. at p. 563.) *Patton* acknowledged the trial court's inquiry at the prima facie stage is limited and does not include factfinding involving the weighing of evidence. (*Ibid*.)

But *Patton* also reaffirmed *People v. Lewis* (2021) 11 Cal.5th 952, 971 in which the Court concluded the prima facie inquiry under section 1172.6 is " 'analogous' to the prima facie inquiry in habeas corpus proceedings." (*Patton*, *supra*, 17 Cal.5th at p. 563.) Just like a habeas petitioner, a petitioner in a section 1172.6 proceeding must " 'make[] a prima facie showing' (§ 1172.6, subd. (c)) to frame a disputed issue that entitles that petitioner to an evidentiary hearing." (*Patton*, at p. 566, fn. omitted.)

Moreover, *Patton* resolved an issue that had created a split of authority in the appellate courts. *Patton* concluded that a trial court does not engage in impermissible factfinding if it considers unchallenged facts from a preliminary hearing transcript that demonstrate relief under section 1172.6 is unavailable. (*Patton*, *supra*, 17 Cal.5th at p. 564.) "Where facts from the record of conviction are undisputed, accepting them over contrary legal allegations that are merely conclusory is not ' "factfinding involving the weighing of evidence or the exercise of discretion." ' " (*Id*. at pp. 565–566.) The Court pointed again to the similarity of habeas proceedings, explaining that the particularity requirement imposed on habeas petitioners "helps courts identify 'material issues of disputed fact.' [Citation.] It does not impose 'technicalities; it

7

simply demands of [the petitioner] a measure of frankness in disclosing [the relevant] factual situation' supporting relief." (*Id*. at pp. 564–565.)

*Patton* cautions that trial courts may not resolve material factual disputes "at the prima facie stage." (*Patton, supra*, 17 Cal.5th at p. 567.) Uncontradicted facts in the record of conviction, including in a preliminary hearing transcript, are considered for purposes of issue-framing only. Where factual disputes exist, the trial court must issue an order to show cause and hold an evidentiary hearing. (*Ibid*.)

The record of conviction here was limited. Defendants, in a joint plea hearing, waived their right to a preliminary hearing and proceeded to a joint disposition, so there is no preliminary hearing transcript to consider. The People contend it was proper for the court to consider the factual summary in the probation report, noting that defendant stipulated through counsel to a factual basis for his plea based on the probation report.

We need not resolve whether consideration of the probation report in assessing defendant's eligibility for relief is proper. We conclude the record of conviction, without the probation report, demonstrates defendant was convicted as the sole shooter who acted with intent to kill and not under any theory of imputed malice.

First, the People alleged firearm use allegations in the felony complaint only against defendant, indicating defendant was charged as the sole shooter and direct perpetrator of the attempted murders, while Holman and Thompson were charged as his accomplices.

In addition, the plea hearing proceeded as a joint hearing with all three defendants present, represented by counsel, and aware of each other's respective pleas. The People agreed to a plea

8

where defendant was the only one to plead to attempted murder and to intentionally discharging a firearm during the commission of that attempted murder.  In contrast, the People agreed to allow Holman and Thompson to plead to lesser charges, without objection from defendant.  All three defendants stipulated, through counsel, to a factual basis for their negotiated disposition in which defendant received an agreed-upon upper term sentence significantly longer than his two accomplices.

In pleading to second degree attempted murder, defendant admitted to a " 'specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 890; see also CALCRIM No. 600 [elements of attempted murder].)  Implied malice does not support a conviction for attempted murder.  (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456.)

Defendant also admitted he discharged a firearm within the meaning of section 12022.53, subdivision (c).  In so pleading, defendant admitted he personally and intentionally discharged a firearm during the commission of the attempted murder.  (See CALCRIM No. 3148; see also *People v. Estrada* (2024) 101 Cal.App.5th 328, 338 [pleading to a sentencing enhancement is a binding judicial admission of the elemental facts necessary to the enhancement].)

Thus, the only theory of the case consistent with the plea agreement the People accepted, and to which defendant agreed, reflects that defendant was convicted as the sole and direct perpetrator of the attempted murder, with Holman and Thompson convicted as his accomplices.  Only defendant admitted an intent to kill while Holman and Thompson did not.  Consequently, the only possible direct perpetrator among the three of them, under the People's theory, is the defendant.  As a result, the record of

conviction refutes defendant's conclusory check-box allegations that he was convicted as an accomplice to attempted murder under the natural and probable consequences doctrine. (*Patton, supra,* 17 Cal.5th at p. 569.) Defendant's petition did not "create a factual dispute about whether he played a meaningfully different role in the attempted murder." (*Ibid.*)

Further, like the defendant in *Patton*, defendant, with the assistance of counsel, had multiple opportunities to "proffer specific" additional facts, but did not do so, either in the reply brief or during argument. (*Patton, supra,* 17 Cal.5th at pp. 567–569.) As *Patton* instructs, defendants "confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Id.* at p. 567.) Defendant failed to state nonconclusory facts framing a factual dispute warranting an evidentiary hearing. His petition was therefore properly denied.

However, defendant did not have the clarification provided by the Supreme Court's decision in *Patton*, which was decided while this appeal was pending. We therefore conditionally affirm the denial of defendant's petition with directions to the superior court to consider an amended petition from defendant, should he choose to file one. We express no opinion on the viability of any additional facts defendant might allege.

## DISPOSITION

The order denying defendant and appellant Sellas Fanzel Reed's petition for resentencing is conditionally affirmed. The case is remanded to the superior court with directions to consider an amended petition from defendant if he chooses to file one. If defendant files an amended petition within 30 days of issuance of the remittitur, the superior court shall hold further proceedings in

10

accordance with Penal Code section 1172.6.  If defendant does not file an amended petition, the order denying the petition shall be deemed affirmed.


VIRAMONTES, J.


WE CONCUR:


WILEY, Acting P. J.


UZCATEGUI, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.